UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE:<br><br>THE BLUFFS SENIOR HOUSING DEVELOPMENT, LLC, a California limited liability company,<br><br>        Debtor.<br>_____<br>MICHAEL D. MCGRANAHAN, Chapter 7 Trustee for the Estate of the Debtor,<br><br>        Plaintiff,<br><br>  v.<br><br>MODESTO IRRIGATION DISTRICT, a public utility, WILLIAM M. KETSCHER, an individual and employee of MODESTO IRRIGATION DISTRICT,<br><br>        Defendants.<br>_____ | 1:04-cv-5330 OWW<br><br>ORDER TO SHOW CAUSE RE SUPPLEMENTAL JURISDICTION OVER REMAINING CLAIM |

    On April 13, 2005, Defendant's Motion for Summary Judgment was granted in part.  (Doc. 48).  Defendant's Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56(c) on Plaintiff's claim for Equitable Indemnity (Count II) was denied, and Defendant's Motions for Summary Judgment on Plaintiff's remaining claims were granted, including Plaintiff's civil rights claim under 42 U.S.C.

1

§ 1983, concluding the only federal claim in this case. Count II is the only remaining claim.

"The district courts may decline to exercise supplemental jurisdiction over a claim...if...the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The Court's decision whether to exercise supplemental jurisdiction should be informed by values of economy, convenience, fairness, and comity. *Acri v. Varian Assoc., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997); *Trustees of the Constr. Indus. and Laborers Health and Welfare Trust v. Desert Valley Landscape & Maint., Inc.*, 333 F.3d 923, 925 (2003) ("To decline jurisdiction under § 1367(c)(3), the district court must first identify the dismissal that triggers the exercise of discretion and then explain how declining jurisdiction serves the objectives of economy, convenience and fairness to the parties, and comity.").

The sole basis for original federal jurisdiction over Plaintiff's civil rights claim was under 24 U.S.C. § 1983 (Count IV). Count IV is no longer viable because Defendant's Motion for Summary Judgment on that claim was granted. The Court had supplemental jurisdiction over Plaintiff's claim for Equitable Indemnity, a state law claim. Plaintiff claims that Modesto Irrigation District ("MID") should indemnify Plaintiff for the removal and replacement of a pipeline. The pipeline is located on land belonging to a railroad and was allegedly constructed pursuant to a license issued to Stanislaus County by the railroad. (First Amended Complaint 5).

The pipeline removal project is local in nature, as is the

1  real property in dispute.  There are no strong federal policies
2  involved in the pipeline removal project, which inherently
3  involves a local dispute over real property.  (*See* Doc. 48, Order
4  Granting in Part Def.'s Motion for Summary Judgment 6-14).  There
5  is an extensive history of state court proceedings relating to
6  this and other disputes between the parties.  The parties
7  informed the court at oral argument on March 7, 2005, that other
8  state court proceedings relating to this matter are ongoing.

9     To avoid inconsistent results and to recognize the advanced
10 stage of development of the dispute in the state court system,
11 supplemental jurisdiction over Plaintiff's Equitable Indemnity
12 claim must be declined.  *Id*.; 28 U.S.C. § 1367(c); *Baker v.*
13 *Adventist Health, Inc.*, 260 F.3d 987, 996 (9th Cir. 2001).  The
14 Court intends to dismiss Count II without prejudice within 20
15 days.

16    Any party who wishes to be heard on this issue should file
17 any authorities to show cause if any there is why this case
18 should not be dismissed, within ten days following date of
19 electronic service of this decision.

21 **SO ORDERED.**
22 **DATED: April 22, 2005.**

24                              **/s/ OLIVER W. WANGER**
25                              _____
26                                    **Oliver W. Wanger**
27                              **UNITED STATES DISTRICT JUDGE**